PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    FAX: (510) 637-3724
    Abraham.fine@usdoj.gov
    Molly.priedeman@usdoj.gov
    Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 25-CR-0003-YGR |
| Plaintiff, | DECLARATION OF AUSA ABRAHAM FINE IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY FILTER PROCESS |
| v. | |
| SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, AND ANDY HUNG DUONG, | |
| Defendants. | |

I, Abraham Fine, declare and state as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Northern District of California. I am counsel of record for the United States in the above-captioned case. I respectfully submit this Declaration in Support of the United States' Opposition to Defendant's Motion to Modify Filter Process.

2. On June 20, 2024, federal agents executed search warrants at the residences of Defendants Sheng Thao, Andre Jones, David Duong, and Andy Duong, as well as California Waste

1  Solutions ("CWS"), and seized electronic devices, including computers, phones, and data storage
2  devices, as well as hard copy material.  During the search, federal agents spoke with CWS' in-house
3  counsel, determined which CWS offices belonged to lawyers, and did not search those lawyer offices.
4  Before that date, the government also obtained, through search warrants, data from email and electronic
5  communications providers, including iCloud accounts for each Defendant.

6      3.     On the day the search warrants were executed, I began discussions with Attorney Joshua
7  Robbins of the Buchalter law firm, who was then representing both David Duong and CWS.  One of the
8  first items we discussed was the government's filter process and I asked Attorney Robbins to provide me
9  with a list of attorney names, email addresses, and phone numbers for the purpose of conducting the
10 government's filter review.  On June 29, 2024, Attorney Robbins provided me with a list of lawyers and
11 law firms with whom David Duong and CWS may have been having privileged communications, as
12 well as some phone numbers and email addresses.  On July 8, 2024, Attorney Robbins provided me with
13 a complete list of attorney names, email addresses, and phone numbers, which included 49 lawyers and
14 law firms.  A true and correct copy of our email correspondence on this subject matter is attached to this
15 declaration as **Exhibit A**.  On March 20, 2025, Attorney Neal Stephens, now counsel of record for
16 David Duong, provided the government with additional attorney names, which the government has
17 incorporated into its filter process.

18      4.     In the weeks after the search warrants were executed, I began discussions with Attorney
19 Erik Babcock, one of the attorneys of record for Andy Duong.  One of the first items we discussed was
20 the government's filter process and I asked Attorney Babcock to provide me with a list of attorney
21 names, email addresses, and phone numbers for the purpose of conducting the government's filter
22 review.  On July 23, 2024, Attorney Babcock provided me with a list of seven lawyers and phone
23 numbers with whom Andy Duong may have been having privileged communications.  A true and
24 correct copy of our email correspondence on this subject matter is attached to this declaration as **Exhibit**
25 **B**.  On March 6, 2025, Attorney Winston Chan, another counsel of record for Andy Duong, provided the
26 government with additional attorney names, which the government has incorporated into its filter
27 process.

28      5.     In the weeks after the search warrants were executed, I began discussions with Attorney

DECL. OF AUSA FINE                                                         2
25-CR-0003-YGR

1  Jeffrey Tsai, attorney of record for Sheng Thao.  One of the first items we discussed was the
2  government's filter process and I asked Attorney Tsai to provide me with a list of attorney names, email
3  addresses, and phone numbers for the purpose of conducting the government's filter review.  On July 3,
4  2024, Attorney Tsai provided me with an initial list of several lawyer names and organizations with
5  whom Sheng Thao may have been having privileged communications.  Attorney Tsai followed up with a
6  more complete list on July 11, 2024, which included phone numbers.  A true and correct copy of our
7  email correspondence on this subject matter is attached to this declaration as **Exhibit C**.
8        6.    In the weeks after the search warrants were executed, I began discussions with Attorney
9  Walter Riley, who then represented Andre Jones.  One of the first items we discussed was the
10 government's filter process and I asked Attorney Riley to provide me with a list of attorney names,
11 email addresses, and phone numbers for the purpose of conducting the government's filter review.  On
12 July 17, 2024, I sent an email to Attorney Riley requesting that he provide me with the "names/phone
13 numbers/email addresses for any lawyers Mr. Jones might have electronic communications with, over
14 which you would assert attorney client privilege with Mr. Jones."  Attorney Riley did not respond to that
15 email.  A true and correct copy of my emails to Attorney Riley on this subject matter is attached to this
16 declaration as **Exhibit D**.  On February 28, 2025, Attorney Mark Goldrosen, now attorney of record for
17 Andre Jones, provided the government with additional attorney names, which the government has
18 incorporated into its filter process.
19       7.    After conferring with defense counsel regarding attorney names, phone numbers, and
20 email addresses for the filter review, the prosecution team assembled search terms based on the
21 information provided by subjects of the searches to be run on those subject's specific devices and data.
22 For example, the government assembled 96 search terms specific to the attorney list provided by counsel
23 for David Duong.  The prosecution team also developed search terms based on terms commonly
24 associated with privileged communications, to be used in addition to the search terms related to specific
25 attorneys described above.  Specifically, the filter team was provided with the following search terms to
26 be run on all electronic devices and accounts to identify material that would require further review by
27 the filter team:
28    • Attorney

DECL. OF AUSA FINE                        3
25-CR-0003-YGR

- Esq.
- Esquire
- Privilege
- Privileged
- "Work product"

These search terms, as well as the proposed filter process, were provided in a written memorandum to the government filter team, which filter process is laid out in the accompanying declaration of AUSA Noah Stern.

8.  During the first week of April of 2025, the government produced to each defendant digital images or copies of their own devices that the government obtained via search warrant as well as copies of their own account data obtained from third-party service providers (such as iCloud account data). An AOL email account of David Duong's and the items seized from CWS are still in the process of being loaded onto drives and the government expects to produce those items by mid-April. In addition, as part of pre-indictment discussions, the government provided counsel for David Duong with a full copy of his iCloud account in October of 2024, which the government obtained pursuant to a search warrant and which contained a significant number of text messages, emails, and other communications. Despite having had a full copy of his iCloud since October of 2024, counsel for David Duong have not informed the government of any specific privileged material in that account and have not identified any privileged communications that would fall outside the scope of the government's filter process.

9.  The government has provided the defendants with the names of the filter AUSA (Noah Stern) as well as the government personnel involved in the filter review. None of these individuals have or will work on the investigation or prosecution of this case. On February 28, 2025, the government provided counsel for the defendants a detailed description of the process and steps outlined in the filter process memorandum, and provided each separate counsel with the list of filter search terms applied to their client's materials. In that letter, the government proposed to the defense that the government's filter team provide respective counsel the "potentially privileged" documents identified through the above procedure. Defense counsel can then review those materials and identify which documents the

party reviewing will assert are privileged, and thereby should not be passed on to the prosecution team. If the filter team disagrees with any of those assertions of privilege, and any disagreement cannot be resolved through meeting and conferring on the issue, defense counsel and the filter AUSA would bring those disagreements to the Court before any disputed portions of the "potentially privileged" material are provided to the prosecution team.

10. As part of its investigation, the government obtained several search warrants for iCloud accounts. The court-ordered warrants for those iCloud accounts specifically state that after conducting their Attachment B review, "[l]aw enforcement personnel will then seal the original duplicate of the accounts and files received from Apple employees and will not further review the original duplicate absent an order from the Court."

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed this 3rd day of April 2025, in Oakland, California.

                                               */s/ Abraham Fine*
                                               ABRAHAM FINE, AUSA

# Exhibit A
# FILED UNDER SEAL

# Exhibit B
# FILED UNDER SEAL

# Exhibit C
# FILED UNDER SEAL

# Exhibit D

| | |
|---|---|
| **From:** | Fine, Abraham (USACAN) |
| **To:** | Walterriley@rrrandw.com |
| **Cc:** | Priedeman, Molly (USACAN) |
| **Subject:** | RE: Andre Jones |
| **Date:** | Wednesday, July 17, 2024 9:20:00 AM |

Hi Walter,

Good speaking with you last Friday. As we discussed, please provide us with the names/phone numbers/email addresses for any lawyers Mr. Jones might have electronic communications with, over which you would assert attorney/client privilege with Mr. Jones. Please provide that information by the end of this week.

We understand you may be asserting spousal privilege over communications between Mr. Jones and Ms. Thao. As we discussed on Friday, our position is that those communications are not privileged because Mr. Jones and Ms. Thao are not legally married.

Happy to jump on a call to discuss any of this.

Thanks, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California
1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov

**From:** Fine, Abraham (USACAN)
**Sent:** Friday, July 12, 2024 4:08 PM
**To:** Walterriley@rrrandw.com
**Cc:** Priedeman, Molly (USACAN) <MPriedeman@usa.doj.gov>
**Subject:** Andre Jones

Hi Walter,

Good speaking with you just now. Here is my email along with my colleague Molly Priedeman's, who is cc'd here. Have a nice weekend.

Best, Abe

**Abraham Fine**
Assistant United States Attorney
Northern District of California

1301 Clay Street
Oakland, CA 94612
Office: (510) 637-3723
Cell: (415) 412-2430
Abraham.Fine@usdoj.gov