1  PATRICK D. ROBBINS (CABN 152288)
   Acting United States Attorney
2
3  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division
4  ABRAHAM FINE (CABN 292647)
   MOLLY PRIEDEMAN (CABN 302096)
5  LLOYD FARNHAM (CABN 202231)
   Assistant United States Attorneys
6
       1301 Clay Street, Suite 340S
7      Oakland, California 94612
       Telephone: (510) 637-3717
8      FAX: (510) 637-3724
       Abraham.fine@usdoj.gov
9      Molly.priedeman@usdoj.gov
       Lloyd.farnham@usdoj.gov
10
   Attorneys for United States of America
11
                     UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13
                             OAKLAND DIVISION
14

15 | UNITED STATES OF AMERICA,        ) CASE NO. CR 25-CR-0003-YGR
                                      )
16 |         Plaintiff,                ) NOTICE OF ERRATA IN UNITED STATES'
                                      ) OPPOSITION TO DEFENDANT'S MOTION TO
17 |    v.                             ) MODIFY FILTER PROCESS
                                      )
18 | SHENG THAO,                       )
     ANDRE JONES,                      )
19 | DAVID TRUNG DUONG, AND            )
     ANDY HUNG DUONG,                  )
20                                     )
             Defendants.
21

NOTICE OF ERRATA                    1
CR 25-CR-0003-YGR

In the government's opposition to Defendant's motion to modify filter process, the government included, among a number of other cases, the following case cite: *United States v. Jarman*, 847 F.3d 259, 266 (5th Cir. 2017) (approving government's use of filter team and stating that the "Second, Third, Fourth, Seventh, Eighth, Ninth and Tenth Circuits, in at least some cases, have also either approved of or recognized and declined to criticize the use of government filter teams to screen materials for privilege before items are released to the investigators in the case."). *See* Dkt. No. 56 at 7.

In his reply brief, Defendant David Duong correctly asserts that this quoted language does not appear in the Fifth Circuit's *Jarman* opinion. *See* Dkt. No. 61 at 3-4. The language the government quoted in its opposition brief is actually from an Eleventh Circuit decision discussing the *Jarman* case, but the contents of the quoted passage are otherwise correct. The citation should read as follows: *See In Re: Sealed Search Warrant and Application for a Warrant by Telephone or Other Reliable Electronic Means*, 11 F.4th 1235, 1249 (11th Cir. 2021) (discussing the Fifth Circuit's *Jarman* opinion and stating "[t]he Second, Third, Fourth, Seventh, Eighth, Ninth and Tenth Circuits, in at least some cases, have also either approved of or recognized and declined to criticize the use of government filter teams to screen materials for privilege before items are released to the investigators in the case.").

The government apologizes for this citation error.

DATED:  April 10, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

__/s/_____
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys