1  CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

2

3  MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

4  ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)

5  LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

6
      1301 Clay Street, Suite 340S
7     Oakland, California 94612
      Telephone: (510) 637-3717
8     FAX: (510) 637-3724
      Abraham.fine@usdoj.gov
9     Molly.priedeman@usdoj.gov
      Lloyd.farnham@usdoj.gov
10
Attorneys for United States of America
11
                    UNITED STATES DISTRICT COURT
12
                 NORTHERN DISTRICT OF CALIFORNIA
13
                        OAKLAND DIVISION
14

15

16  UNITED STATES OF AMERICA,                    Case No. 25-CR-0003-YGR

17        Plaintiff,                             STIPULATION AND [PROPOSED] ORDER
                                                 REGARDING FILTER PROTOCOL FOR
18     v.                                        DEFENDANTS' MATERIAL OBTAINED
                                                 THROUGH SEARCH WARRANTS
19  SHENG THAO,
    ANDRE JONES,
20  DAVID TRUNG DUONG, and
    ANDY HUNG DUONG,
21
          Defendants.
22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER RE FILTER PROTOCOL                                    1
25-CR-0003 YGR

1    On June 20, 2024, federal agents executed search warrants in this case and seized electronic

2  devices, including computers, phones, and data storage devices, and hard copy material belonging to the

3  defendants.  Prior to that date, the government also obtained, through search warrants, data from email

4  and electronic communications providers ("ISPs") relating to defendants' accounts.  To segregate

5  potentially privileged materials, the government put in place a filter process, which it described to

6  defense counsel in a letter dated February 28, 2025.

7    On March 20, 2025, Defendant David Duong filed a motion to modify the government's filter

8  protocol.  Dkt. No. 50.  At the motion hearing on April 24, 2025, the Court granted Defendant's motion

9  in part, and ordered the parties to meet and confer regarding the specific terms of a filter protocol, to

10  include judicial oversight, to cover each defendant's materials obtained via search warrant.

11  Accordingly, the parties agree to the following filter process for those materials:

12    The government agrees to identify to defense counsel all devices or accounts, seized pursuant to

13  search warrants, released to the prosecution team pursuant to the government's filter process as of  April

14  24, 2025.  The filter team also agrees to provide the relevant defense counsel with all documents the

15  filter team identified as privileged and withheld from the prosecution team from those devices and

16  accounts.  Upon defense counsel request, made within one week of both the identification of devices or

17  accounts in this category and return of the materials withheld from the prosecution team for those

18  devices and accounts, the government will provide defense counsel with a copy of the materials that

19  were released to the prosecution team for any of these devices or accounts.  Defense counsel shall have

20  two weeks from the government's completion of production of a particular device or account to raise

21  with specificity in a privilege log any privilege claims it wishes to assert as to particular items that have

22  been released to the prosecution team.  If the parties cannot reach agreement via a meet and confer on

23  any item, the filter team and defense counsel shall have one week to submit to Judge Westmore a joint

24  discovery letter, not to exceed three single spaced pages, identifying the contested privilege claims and

25  the legal basis for any privilege.

26    For the group of materials that not released to the prosecution team as of April 24, 2025,[1] the

27

28    [1] This includes devices and accounts that were returned to the filter team for application of
additional search terms provided by defense counsel prior to April 24, 2025.

filter team agrees that it will not release any item to the prosecution team without providing defense counsel an opportunity to review the item for potential privilege claims.  To accomplish this requirement, the government filter team[2] will apply the following general search terms on each of the defendant's electronic devices and accounts that have not been released to the prosecution team:

- Attorney
- Esq.
- Esquire
- Privilege
- Privileged
- "Work product"

In addition to the general search terms, specific search terms have been and will continue to be applied to the defendants' devices and accounts.  The specific search terms to be run on each defendant's devices and accounts were compiled based on information provided by defense counsel. Those specific search terms will be provided to counsel for each defendant to the extent those search terms have not already been disclosed.  Per the filter process set forth in the government's February 28 letter, in the process of running search terms, the filter team may remove the "potentially privileged" tag from clearly non-privileged records and may redact chat conversations that have both privileged and non-privileged content.

        After running both the general and the specific search terms on a set of data or a device, the filter team will send all materials that do not hit on any search terms, the clearly non-privileged materials that were untagged, and the redacted conversations (the "non-hits") to counsel for the defendant who is the owner of the device or account on hard drives that have been provided to the filter team by each defense counsel.  Upon receipt of the non-hits for any given device or account, defense counsel shall have two weeks to review the non-hits, and then can raise with specificity any privilege claims it wishes to assert as to particular items.  The defense counsel shall raise such privilege assertions with the filter team, and identify the legal and factual basis for an assertion of privilege over each document in a privilege log.  During this two-week period of defense counsel review, the filter team shall not release any non-hits to

---

[2] The government filter team will consist of an AUSA and personnel from FBI, IRS-CI, and USPIS who will not work on the prosecution or investigation of this case, except for their role in the filter process.  The purpose of this process is to prevent any member of the prosecution team from having access or exposure to any privileged material.

1    the prosecution team.

2    At the conclusion of defense counsel's two-week review period, the filter team may release to

3    the prosecution team any material within the non-hits that defense counsel has not raised a privilege

4    objection to.  For material within the non-hits that the defense does object to and has specifically

5    identified, the filter team shall have two weeks to determine whether it contests any of the defense's

6    objections.  For any contested objections, the filter team and defense counsel shall have an additional

7    two-week period to meet and confer and attempt to resolve any contested objections.  If the filter team

8    and defense counsel are unable to resolve the objections within that two-week period, the filter team and

9    defense counsel shall have one week to submit to Judge Westmore a joint discovery letter, not to exceed

10   three single spaced pages, identifying the contested privilege claims and the legal basis for any privilege.

11   No materials that the defense has a privilege objection to shall be released to the prosecution team until

12   the objections have been resolved by agreement of the parties or, absent agreement, by order of Judge

13   Westmore.

14   In addition, after running the search terms, the filter team will send all materials that do hit on

15   any search terms (minus the clearly non-privileged records) (the "hits") to counsel for the defendant who

16   is the owner of the device or account.  These hits shall be deemed "potentially privileged."  Upon receipt

17   of the "potentially privileged" material for any given device or account, defense counsel shall have two

18   weeks to review the hits and assert with specificity the materials within the hits over which they are

19   asserting privilege, as well as the basis for that privilege.  During this two-week period of defense

20   counsel review, the filter team shall not release any hits to the prosecution team.  At the conclusion of

21   defense counsel's two-week review period, the filter team may release to the prosecution team any

22   material within the hits that defense counsel has not asserted privilege over.  For material within the hits

23   that the defense asserts privilege over, the filter team may contest any of the defense's privilege

24   assertions by raising those objections with defense counsel.  For any contested privilege assertions, the

25   filter team and defense counsel shall meet and confer and attempt to resolve any contested privilege

26   assertions.  If the filter team and defense counsel are unable to resolve any contested privilege assertions

27   within two weeks after the filter team first raises the objections, the filter team and defense counsel shall

28   have one week to submit to Judge Westmore a joint discovery letter, not to exceed three single spaced

1  pages, identifying the contested privilege assertions and the legal basis for any privilege claim.  No

2  materials that the defense asserts are privileged will be sent to the prosecution team until the objections

3  have been resolved by Judge Westmore.

4       The filter team agrees to return to the relevant defense counsel (a) all copies of any hardcopy

5  privileged material that was seized and (b) a copy set of any privileged material located in electronic

6  data obtained from ISPs or any seized device.  As to the electronic data obtained from ISPs, the filter

7  team will also seal the original duplicate of the accounts and files received from the ISP and store it in a

8  secured location with restricted access to prevent access by members of the prosecution team so that the

9  members of the prosecution team will not have access to the original duplicate.  As to electronic data

10  stored on a seized device, the filter team will ensure that the prosecution team does not have access to

11  the seized device—the prosecution team will only have access to non-privileged material stored on the

12  seized device.  The filter team will also store all seized devices in a secured location with restricted

13  access to prevent access by members of the prosecution team.  The government further agrees to

14  immediately report any violation of this protocol to defense counsel.

15       The parties agree to be reasonable in their privilege assertions and objections and agree to work

16  in good faith to resolve any disagreements over privilege before involving the Court.  Any time

17  deadlines specified herein can be extended up to four weeks by written consent of both the government

18  and the affected defense counsel, and any longer extensions require order of the Court.

19

20  **IT IS SO STIPULATED**                                CRAIG H. MISSAKIAN
                                                                              United States Attorney
21

22  Dated: May 28, 2025                                    ___/s/_____
                                                                              ABRAHAM FINE
23                                                                            MOLLY K. PRIEDEMAN
                                                                              LLOYD FARNHAM
24                                                                            Assistant United States Attorneys

25

26                                                                            ___/s/_____
                                                                              JEFFREY TSAI
27                                                                            Counsel for Defendant Sheng Thao

28

1

2
                                ___/s/_____

MARK GOLDROSEN
SHAWN HALBERT

3
Counsel for Defendant Andre Jones

4

5
                                ___/s/_____

ED SWANSON
AUGUST GUGELMANN

6
NEAL STEPHENS
JEFFREY SCHENK

7
Counsel for Defendant David Duong

8
                                ____/s/_____

9
WINSTON CHAN
DOGULAS SPRAGUE

10
ERIK BABCOCK
Counsel for Defendant Andy Duong

11

12

13

**IT IS SO ORDERED.**

14

Dated:

15
                                KANDIS A. WESTMORE
United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28