Winston Y Chan (SBN 214884)
Christine A. Bonomo (SBN 364178)
Hannah Erin Stone (SBN 339612)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8362
Facsimile: (415) 393-8306
Email: wchan@gibsondunn.com

W. Douglas Sprague (SBN 202121)
**COVINGTON & BURLING LLP**
415 Mission St., Suite 5400
San Francisco, California 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: dsprague@cov.com

Erik Babcock (SBN 172517)
**LAW OFFICES OF ERIK BABCOCK**
420 3rd Street, Suite 250
Oakland, California 94607
Telephone: (510) 452-8400
Facsimile: (510) 201-2084
Email: erik@babcocklawoffice.com

Attorneys for Defendant Andy Hung Duong

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG,<br><br>       Defendants. | Case No. 4:25-CR-00003-YGR<br><br>**DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS (RULE 404(B) EVIDENCE); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date:  August 14, 2026<br>Hearing Time:  9:00 a.m.<br>Judge:         Hon. Yvonne Gonzalez Rogers<br>Courtroom:    1, 4th Floor |

## TABLE OF CONTENTS

**Page**

**I.    INTRODUCTION** .................................................................................................**1**

    A.    Background & Procedural History ...................................................1

**II.    LEGAL STANDARD** ........................................................................................**5**

**III.    ARGUMENT** .....................................................................................................**6**

███████████████████████████████████████████████

    ███████████████████████████████████████████████

    ███████████████████████████████████████████████

    B.    Evidence Related to the May 3, 2024, Altercation Should be Excluded .......13

    C.    Evidence of Alleged Irrelevant Conduct on the Trip to Vietnam Should be Excluded ..................................................................................................14

**IV.    CONCLUSION**.................................................................................................**16**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Huddleston v. United States*,
485 U.S. 681 (1988) .............................................................................................................. 11

*United States v. Anderson*,
741 F.3d 938 (9th Cir. 2013) .................................................................................................. 5

*United States v. Anguiano*,
873 F.2d 1314 (9th Cir. 1989) ........................................................................................... 8, 10

*United States v. Arambula-Ruiz*,
987 F.2d 599 (9th Cir. 1993) .................................................................................................. 5

*United States v. Bailey*,
696 F.3d 794 (9th Cir. 2012) .................................................................................................. 5

*United States v. Baras*,
No. 11–CR–00523–YGR, 2013 WL 6502846 (N.D. Cal. Dec. 11, 2013) ............................ 11

*United States v. Brown*,
880 F.2d 1012 (9th Cir. 1989) ................................................................................................ 8

████████████████████████████████ .............................................................................. 6

*United States v. Charley*,
1 F.4th 637 (9th Cir. 2021) ................................................................................................... 14

*United States v. Hernandez-Miranda*,
601 F.2d 1104 (9th Cir. 1979) ................................................................................................ 8

*United States v. Rodriguez*,
880 F.3d 1151 (9th Cir. 2018) ................................................................................................ 8

*United States v. Sleugh*,
No. 14–CR–00168–YGR–2, 2015 WL 3866270 (N.D. Cal. June 22, 2015) ........................... 9

*United States v. Vizcarra-Martinez*,
66 F.3d 1006 (9th Cir. 1995) .......................................................................................... 5, 6, 7

*United States v. Williams*,
30 F.4th 263 (5th Cir. 2022) ................................................................................................... 9

iii

**Other Authorities**

Fed. R. Evid. 401 ................................................................................................................ 6

Fed. R. Evid. 402 ................................................................................................................ 6

Fed. R. Evid. 403 ................................................................................ 4, 5, 6, 9, 12, 13, 14, 15

DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR
ACTS (RULE 404(B) EVIDENCE)
CASE NO. 4:25-CR-00003-YGR

**NOTICE**

**PLEASE TAKE NOTICE** that on August 14, 2026, at 9:00 a.m., before the Honorable Yvonne Gonzalez Rogers, that defendant Andy Duong will and hereby does move to exclude reference to or introduction of certain evidence the government has indicated it will seek to admit under Federal Rule of Evidence 404(b).

This motion is based on the instant notice, the attached memorandum of points and authorities, the files and records in this matter, and such evidence and argument as may be presented at the hearing.

DATED:  July 10, 2026                    Respectfully submitted,


By: */s/ W. Douglas Sprague*
          W. Douglas Sprague
          COVINGTON & BURLING LLP

          Winston Y. Chan
          Christine A. Bonomo
          Hannah Erin Stone
          GIBSON, DUNN & CRUTCHER LLP

          Erik Babcock
          LAW OFFICES OF ERIK BABCOCK

          Attorneys for Defendant Andy Hung Duong

v

DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS (RULE 404(B) EVIDENCE)
CASE NO. 4:25-CR-00003-YGR

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

The government seeks to introduce extrinsic evidence that is not only uncharged, but also untethered to the allegations in this case.  The government's motive appears to be an effort to smear Andy Duong's character while hoping this unrelated "evidence" also has an adverse spillover impact on the other defendants charged alongside Andy Duong.  Specifically, the government listed in its 404(b) disclosures that it intends to introduce ███████████████████████████████████████████████████████████████ (2) an alleged altercation on May 3, 2024; and (3) irrelevant conduct that allegedly took place on a trip to Vietnam in 2023.  The government claims these "other acts" are inextricably intertwined with the charged conspiracy, and, if not, are admissible under Rule 404(b).  In reality, the conduct is either unrelated, unreliable, or impermissible under Rule 404(b), and its probative value, if any, is substantially outweighed by the risk of undue prejudice, confusing the issues, misleading the jury, and wasting time.

The government seeks to introduce extrinsic evidence to expand the conspiracy beyond the one charged and to disparage Andy Duong's character.  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Regarding the alleged altercation, the government attempts to bolster its key witness by introducing evidence of an unsubstantiated altercation to paint the Duongs in a negative light.  Finally, regarding the trip to Vietnam, the government seeks to introduce ███████ "inappropriate conduct" during that trip despite the evidence having no relevance ████████████████████████████████████████████████████████████████ The Court should exclude all three categories of other alleged acts.

### A.     Background & Procedural History

On January 9, 2025, a grand jury returned an indictment charging Andy Duong with one count of Conspiracy to Commit Bribery, one count of Bribery Concerning Programs Receiving Federal

1

Funds, one count of Conspiracy to Commit Honest Services Mail Fraud and Honest Services Wire Fraud, one count of Honest Services Mail Fraud, two counts of Honest Services Wire Fraud, and one count of False Statements to a Government Agency. ECF No. 1. Andy Duong pled not guilty to the indictment at his initial appearance and arraignment on January 17, 2025. ECF No. 13. Andy Duong and his co-defendants' jury trial is set for October 13, 2026. ECF No. 173.

The government alleges that Andy Duong, along with his father, David Duong, and business partner, Mario Juarez, entered into an agreement with then-City of Oakland mayoral candidate Sheng Thao and her romantic partner, Andre Jones, to provide benefits and payments to Thao and Jones in exchange for promises to take official action as the mayor of Oakland, if elected. Specifically, the government alleges that in October 2022, prior to the Oakland mayoral election, Juarez approached Thao with an offer to facilitate a negative mailer campaign against her opponents to help her win the election and to provide Jones $300,000 for a no show job in exchange for official acts, including (i) committing the City of Oakland to purchase 100 container homes from his business, Evolutionary Homes, (ii) ensuring a 10-year extension of the California Waste Solutions ("CWS") recycling contract with the City of Oakland, and (iii) appointing certain individuals to senior official roles within the City of Oakland. According to Juarez, the alleged deal changed shortly thereafter to Thao agreeing to purchase 300 container homes from Evolutionary Homes. In furtherance of this alleged agreement, Andy and David Duong, via CWS, allegedly provided Juarez with $75,000 to fund the negative mailer campaign.

Once Thao was elected in November 2022, the government contends that over the course of the next 18 months, Juarez and defendants met numerous times to discuss the alleged deal, and Juarez and the Duongs paid Jones $95,000 via a series of payments from multiple different business accounts connected to Juarez, including the Evolutionary Homes business account.

In the summer of 2023, the Duongs and Thao organized a trade delegation to Vietnam through a business association connected to the Duongs. While a portion of Thao's trip was reimbursed by the Port of Oakland, the government contends that as part of the alleged bribery scheme the Duongs facilitated approximately $4,000 in payments for Thao's trip, as well as payment for flights, meals, and lodging for Jones, another family member, and several City of Oakland employees invited by Thao, as

2

a benefit to Thao.

The government alleges that Thao followed through with her end of the deal by (i) at the direction of Juarez and the Duongs, influencing the appointment of ████████ to a high-level position for which he otherwise would not have been considered, and (ii) instructing the City Administrator to visit Evolutionary Homes. The City did not purchase container homes from Evolutionary Homes.

Now the government seeks to introduce three categories of purported evidence that are neither inextricably intertwined with the charged conduct summarized above nor permissible under Rule 404(b). First, the government states that evidence of ████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Letter of Disclosures Pursuant to Federal Rule of Evidence 404(b) from Craig H. Missakian, U.S. Att'y, to Defense Counsel, at 4, *United States v. Sheng Thao et al.*, No. 4:25-CR-00003-YGR (May 19, 2026) (Exhibit 1). As explained below, the government charged a defined conspiracy in this case, involving only the four charged defendants along with Juarez, and now seeks to expand the conspiracy and impermissibly smear Andy Duong's character through introduction of extrinsic, inflammatory allegations. The government also states this evidence is admissible under Rule 404(b) because it shows "motive, plan, criminal intent, knowledge of the existence of the charged agreement and conspiracy, and the absence of mistake or accident in regards to the payments made to Jones and Thao," ████████████ ████████████████████████████████████████████ *Id*. Despite the government's attempt to paint this evidence as within the bounds of Rule 404(b), this is classic propensity evidence, risks undue prejudice to Andy Duong, and should be excluded.

Similarly, the government seeks to introduce testimony from Juarez that ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

3

DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR
ACTS (RULE 404(B) EVIDENCE)
CASE NO. 4:25-CR-00003-YGR

▮▮▮▮▮▮▮▮▮▮ Not so. This evidence is neither inextricably intertwined nor is it proper under Rule 404(b). Further, even if it met either standard, it is plainly impermissible as overly prejudicial to Andy Duong pursuant to Rule 403.

Relatedly, the government seeks to introduce ▮▮▮▮▮▮▮▮▮▮ are wholly untethered from any allegation in this case. This is not properly admissible under Rule 404(b) and should be excluded.

The government also seeks to introduce evidence of an alleged altercation on May 3, 2024, as inextricably intertwined with the charged conduct, claiming Juarez's testimony about a physical assault he attributes to the Duongs is necessary to tell a coherent story of Juarez's exit from the conspiracy, motivations for speaking to law enforcement, and attempts by the Duongs to prevent him from speaking to law enforcement. *Id.* at 7. This evidence serves only to improperly bolster the witness's testimony, is extremely unreliable and unsubstantiated, and is highly prejudicial to Andy Duong. The evidence serves none of the purposes permitted under Rule 404(b).

Finally, the government seeks to introduce evidence of "inappropriate conduct" that took place on a 2023 trip to Vietnam hosted by the Vietnamese American Business Association ("VABA"). *Id.* at 5.

4

█████████████████ the government notably makes no representation about how that conduct is in any way inextricably intertwined with the charged conspiracy. Letter of Disclosure of Preliminary Exhibit List from Craig H. Missakian, U.S. Att'y, to Defense Counsel, *United States v. Sheng Thao et al.*, No. 4:25-CR-00003-YGR (May 19, 2026) (hereinafter referred to as "Government's Preliminary Exhibit List"). It plainly is not. It is also impermissible under Rule 404(b) and prohibited under Rule 403.

## II.      LEGAL STANDARD

Inextricably intertwined evidence must either "constitute[] a part of the transaction that serves as a basis for the criminal charge," or it must be "necessary ... to permit the prosecutor to offer a coherent and comprehensive story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). Evidence is not admissible as intrinsic to the charged offence when it "is not part of the charged transaction and the prosecution would encounter little difficulty in presenting the evidence relevant to its case against the defendant without it." *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013).

Rule 404(b) permits the admission of evidence of other acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(1), (2). Evidence is inadmissible under Rule 404(b), however, when admitted solely for the purpose of demonstrating a defendant's character or propensity in relation to the other act. *Id.* To admit evidence under Rule 404(b), the government has the burden of proving that "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)); *see also United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). The government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Arambula-Ruiz*, 987 F.2d at 602–03 (quoting *United States v. Mehrmanesh*, 689, F.2d 822, 830 (9th Cir. 1982)).

All "other act" evidence is subject to the standard rules of evidence and is not admissible if it is irrelevant or its probative value is substantially outweighed by the risk of undue prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence. Fed. R.

Evid. 401, 402, 403.

## III.    ARGUMENT

In the notice provided by the government on May 19, 2026, the government listed certain evidence it intends to offer at trial as either inextricably intertwined or admissible pursuant to Rule 404(b).  For the reasons outlined below, this evidence should be excluded.

In each instance, the government claims that the evidence is inextricably intertwined with the charged conspiracy, and, if not, is properly admitted pursuant to Rule 404(b).  The evidence is neither part of the transactions underlying the charged conduct, nor is it necessary to present a coherent story of the charged crimes.  *See Vizcarra-Martinez*, 66 F.3d at 1012–13.  The evidence is exactly the type of character propensity evidence precluded by Rule 404(b).  Even if the Court found the evidence to be either inextricably intertwined or permissible under Rule 404(b), the Court should exclude the evidence pursuant to Rule 403 as confusing the issues by permitting numerous mini-trials irrelevant to the charged conspiracy.



6

DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR
ACTS (RULE 404(B) EVIDENCE)
CASE NO. 4:25-CR-00003-YGR



are not inextricably intertwined and do not fall within either of the two categories that encompass such evidence – either part of the charged transactions or essential to presenting a clear narrative of the charged conduct.  A mere "[c]oincidence in time is insufficient" for prior act evidence to be inextricably intertwined with the current offense.  *Vizcarra-Martinez*, 66 F.3d at 1013.

It is certainly not essential to the presentation of a coherent story.

DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS (RULE 404(B) EVIDENCE)
CASE NO. 4:25-CR-00003-YGR

This evidence also fails to meet the requirements for admissibility under Rule 404(b).

As to motive, "[t]he prior wrongful acts must establish a motive to commit the crime charged, not simply a propensity to engage in criminal activity." *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989). The government and in doing so fails to provide a "propensity-free chain of reasoning," as required by law. *United States v. Rodriguez*, 880 F.3d 1151, 1168 (9th Cir. 2018) (quoting *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (en banc)).

*See, e.g., United States v. Hernandez-Miranda*, 601 F.2d 1104, 1109 (9th Cir. 1979) ("[t]he greater is the dissimilarity of the two offenses, the more tenuous is the relevance.").

8

This is particularly problematic where, as here, the evidence of the uncharged conduct is remarkably slim and relies almost exclusively on one witness's testimony.

*See United States v. Sleugh*, No. 14–CR–00168–YGR–2, 2015 WL 3866270, at *4–6 (N.D. Cal. June 22, 2015) (excluding evidence for the purposes of intent, knowledge, plan, or preparation where (i) the prior act showed general knowledge of how to commit the charged act but the prior act was not necessary to obtain that knowledge or to form the intent to undertake, plan for, or carry out the charged act, (ii) there were material fact disputes related to defendant's role in the prior act, (iii) the acts were insufficiently similar, and (iv) the acts were separated by over six years).

Finally, even if the evidence were admissible pursuant to Rule 404(b), the evidence should be excluded under Rule 403.

This evidence serves only to present a mini-trial within a trial, wasting time and confusing the issues. *See United States v. Williams,* 30 F.4th 263, 268 (5th Cir. 2022) (quoting *Harpring v. Continental Oil Co.*, 628 F.2d 406, 410 (5th Cir. 1980)) (discussing risk of "trying another lawsuit within the existing lawsuit" as a Rule 403 concern).

9

DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS (RULE 404(B) EVIDENCE)
CASE NO. 4:25-CR-00003-YGR



Again, the government chose to charge a conspiracy involving four charged defendants, one of whom was a public official: Thao.

DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS (RULE 404(B) EVIDENCE)
CASE NO. 4:25-CR-00003-YGR

Rule 404(b) similarly does not permit the admission of such evidence.

The government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). this evidence would serve only to present a narrative of Andy Duong's propensity to act in conformity with other conduct and does not bear on motive, plan, intent, knowledge, or absence of mistake. *See United States v. Baras*, No. 11-CR-00523-YGR, 2013 WL 6502846, at *4–6 (N.D. Cal. Dec. 11, 2013) ("[T]he 'classic propensity inference' that Rule 404(a) prohibits is using a prior conviction or act to show that the defendant committed the same crime or act again.").

DEFENDANT ANDY DUONG'S MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS (RULE 404(B) EVIDENCE)
CASE NO. 4:25-CR-00003-YGR

Therefore, even if the Court found the evidence admissible as either intrinsic or under Rule 404(b), the probative value is substantially outweighed by the prejudicial nature of the evidence and confusion of the issues.  Fed. R. Evid. 403.

[1] that evidence should similarly be excluded as being neither inextricably intertwined with the charged scheme nor serving a permissible purpose under Rule 404(b).

12

███████████████████████████████████████████████████████████

Rather, this is a ploy to paint Andy Duong's character in an unflattering light and to prejudice him before the jury, all in violation of Rule 403.

### B.    Evidence Related to the May 3, 2024, Altercation Should be Excluded

The government seeks to introduce testimony from Juarez about an alleged altercation that took place on May 3, 2024.  Juarez will testify that the altercation followed him purportedly telling the Duongs he was considering making a report to law enforcement about the Duongs.  Juarez will testify that he was physically assaulted and robbed of a gold chain and watch, and that the people that robbed him were hired by the Duongs.  Moreover, the government seeks to introduce images of a gold chain and watch found in Andy Duong's car during a June 20, 2024, search.  The government also seeks to introduce toll records showing communications involving Thao and David Duong, via a third party, claiming the evidence shows Thao and David Duong communicating near the time of this alleged altercation, as well as messages between Andy Duong and his family related to a police report filed the following day.  In sum, the government intends to introduce several shards of inconclusive evidence paired with outrageous claims by an unreliable cooperating witness regarding an unsubstantiated assault to suggest that Juarez's testimony should be trusted.

The government claims this evidence is inextricably intertwined because it provides a story of Juarez's exit from the conspiracy and motivations for speaking with law enforcement.  The government's attempt to introduce such evidence is not necessary to provide a story of the conspiracy to the jury, but rather is designed to improperly bolster Juarez's testimony and lend credibility to a cooperating witness.  And there is no clear evidence that any altercation even occurred.  The entire episode relies on Juarez's testimony alone.  The images of Juarez directly after the alleged assault occurred show no indicators of an assault.  Juarez refused to receive medical treatment when offered, and body camera footage from his reporting of the incident less than 48 hours after it occurred shows no physical indicators of an assault despite his claims that he was punched until loss of consciousness.  The evidence is not admissible under Rule 404(b) either, as it fails both the materiality and the

13

similarity prongs. The evidence of any altercation is extremely slim, and even if the jury were to believe an altercation occurred, that fact does not prove any of the elements of the charged crimes and serves only to lend credence to Juarez's other testimony. There are no allegations that the charged individuals in this case had a modus operandi of utilizing violence as a tool to accomplish the goals of the conspiracy. *See United States v. Charley*, 1 F.4th 637, 648–50 (9th Cir. 2021) (finding prior assaults too dissimilar in victim and modus operandi from a charged assault to be properly admissible under Rule 404(b)).

Even if the evidence were admissible under Rule 404(b), it should be excluded as unduly prejudicial under Rule 403. The evidence has, at most, minimal probative value. Rather, it (inaccurately) paints a picture of the Duongs as violent individuals, seriously prejudicing them before the jury. The images of the watch and gold chain in Andy Duong's home are inflammatory and serve only to portray his character in an unflattering and damaging light. The Court should preclude the government from inflaming the jury by introducing images of certain items that serve no probative value to the actual alleged crimes, and would only devolve into a mini-trial of an assault allegation in a case where assault is not one of the charges.

### C.   Evidence of Alleged Irrelevant Conduct on the Trip to Vietnam Should be Excluded

The government also seeks to introduce evidence related to a trip to Vietnam in the summer of 2023 hosted by VABA and attended by members of the Duong family, Thao, Jones, Azevedo, and others. In its proposed exhibit list, the government seeks to introduce unrelated and highly inflammatory

This purported evidence is wholly untethered from any of the charged conduct and would serve no purpose other than attempting to impugn Andy Duong's character before the jury. The government

14

makes passing reference to this "evidence" in its Rule 404(b) notice, referring to ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

        Such evidence has no bearing on the charged conduct and is certainly not inextricably intertwined.  The government offers no basis for why ████████████████████████ ████████████████████████████████████████████ would be admissible under 404(b), as required, and fails to even notice the specific alleged conduct despite including these items on its exhibit list.  It serves none of the permitted purposes under Rule 404(b).  The evidence has no relevance to the charged conduct and would only serve to inflame the jury.  Rather, the introduction of such evidence would be used by the government to allege ████████████████████████████████████████ ████████████████████████████████████████████████████████

        Even if the evidence met either standard, the evidence is unduly prejudicial and should be excluded pursuant to Rule 403.

15

## IV.    CONCLUSION

For the reasons stated above, Andy Duong respectfully requests that this Court exclude the following: (1) all evidence of uncharged ███ schemes, ████████████████████████ ████████████████████████████████████████████████ (2) all evidence related to an altercation on May 3, 2024; and (3) irrelevant conduct that took place on a trip to Vietnam in 2023, ████████████████████████████████

DATED:  July 10, 2026                                    Respectfully submitted,


                                                By: */s/ W. Douglas Sprague*
                                                    W. Douglas Sprague
                                                    COVINGTON & BURLING LLP

                                                    Winston Y. Chan
                                                    Christine A. Bonomo
                                                    Hannah Erin Stone
                                                    GIBSON, DUNN & CRUTCHER LLP

                                                    Erik Babcock
                                                    LAW OFFICES OF ERIK BABCOCK

                                                    Attorneys for Defendant Andy Hung Duong

16